**JIAN FANG WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70681.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 8, 2011.\*

Filed March 29, 2011.

Jian Fang Wang, Alhambra, CA, pro se.

OIL, Nairi Mary Simonian, Esquire, Joseph Anthony O'Connell, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

### MEMORANDUM \*\*

Jian Fang Wang, native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted *in absentia*. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Wang's motion to reopen because the motion was filed more than nine years after the IJ's December 15, 1998, order, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Wang failed to establish that he warranted equi-

table tolling of the 180–day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (deadline can be equitably tolled when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

